RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/21/08
68

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | | |
|---|---|---|
| **LINEY RYES** | * | **CIVIL ACTION NO. 07-01209** |
| **VERSUS** | * | **JUDGE RICHARD T. HAIK** |
| **PHILLIP BOUDREAUX, ET AL** | * | **MAGISTRATE METHVIN** |

**************************************************************************
## JUDGMENT
**************************************************************************

Before the Court are the following motions:

1. Motion for Summary Judgment (Doc. # 25) by Phillip Boudreaux, Scout Transportation Services Inc., Home State County Mutual

2. Motion for Partial Summary Judgment on Status of Plaintiff (Doc. # 26) by B C S Insurance Co.

3. Motion for Partial Summary Judgment on Status of Plaintiff (Doc. # 27) by Liney Ryes

In each of the aforementioned motions, the issue before the court is the employment status of Liney Ryes (hereinafter "Ryes") with Scout Transportation Services, Inc. (hereinafter "Scout") and Phillip Boudreaux (hereinafter "Boudreaux"). The court will apply Louisiana law to determine the employment status of Ryes in this case. The court recognizes that employee status is determined by the right of the principal to control the actions of the employee. The right to control is demonstrated by the following factors: (1) selection and engagement, (2) payment of wages, (3) power of dismissal and (4) power of control. The totality of the circumstances must be considered in determining whether an employer/employee relationship exists and the burden of proof is on the

party seeking to establish an employer/employee relationship.[1]

The court also recognizes the distinction between employee and independent contractor status is a factual determination to be decided on a case-by-case basis, taking into consideration the total economic relationship between parties and various factors weighing either in favor or against employer-employee relationship. An independent contractor relationship exists when following conditions are met:

1. There is a valid contract between the parties;

2. The work being done is of an independent nature such that the contractor may employ non-exclusive means in accomplishing it;

3. The contract calls for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered;

4. There is a specific price for the overall undertaking; and

5. Specific time or duration is agreed upon and not subject to termination at the will of either side without liability for breach.[2]

After a thorough review of the record, the court finds the following with respect to the employment relationship between Ryes, Boudreaux, and Scout:

Boudreaux entered into a written contract to be an independent contractor to Scout. The contract states, in pertinent part, that Boudreaux agrees to lease Scout a certain 1990 Peterbuilt tractor.  Ryes, on the other hand, entered into an oral agreement with Boudreaux for the use of

---

[1] *Hillman v. Comm-Care, Inc.* 01-114 (La. 01/15/02); 805 So.2d 1157, 1163.

[2] *Stovall v. Shell Oil Co.*, 577 So.2d 732, 738-9 (La.App. 1 Cir.), *writ denied*, 582 So.2d 1309 (La.1991).

Boudreaux's 1990 Peterbuilt tractor. Pursuant to the agreement, Ryes was to be compensated on a percentage basis for any loads that he was to deliver on Scout's behalf. It was agreed that Ryes would be compensated through Boudreaux upon receipt of payment from Scout. Boudreaux issued Ryes a 1099 tax form annually and did not withhold taxes from Ryes' payment. Further, Ryes decided which deliveries to make and neither Boudreaux nor Scout maintained the authority to order Ryes to make any particular delivery or take any particular route in making a delivery.

The factors of the employee and independent contractor tests are very similar. The one common factor is whether the alleged principal maintains the power to control or direct the actions of the alleged agent. This power to control, or the absence of this power, is the essence of the employer/employee or independent contractor/agent relationship.

In examining the case at hand through the lens of the aforementioned five part test, it is clear that Ryes was an independent contractor of Boudreaux and not an employee. Ryes had an oral agreement with Boudreaux that contemplated both the use of the Peterbuilt truck and payment for services rendered. This agreement is a contract between the parties because it is an agreement between two or more parties whereby an obligation is created. La. C.C. Art. 1927. Formation of valid and enforceable contract requires capacity, consent, certain object, and lawful cause. *Crowe v. Homesplus Manufactured Housing, Inc.*, 877 So.2d 156 (La.App. 2nd Cir. 2004). All persons have capacity to contract, except unemancipated minors, interdicts, and persons deprived of reason at the time of contracting. La. C.C. Art. 1918. In the instant matter, no objection to capacity has been noted, therefore, capacity is assumed. A contract is formed by the consent of the parties established through offer and acceptance. Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing or by action or inaction. La.

C.C. Art. 1927. Here, as noted in the record, Ryes and Boudreaux orally agreed on the terms of the contract. As further evidence of acceptance, the agreement was put into action by Ryes making deliveries with Boudreaux's Peterbuilt truck. Lastly, the object of the contract is the use of the Peterbuilt truck. The use of the Peterbuilt truck to make deliveries is lawful, thus, all four requirement of a valid and enforceable contract are met.

The second and third tier of the independent contractor test work hand in hand. The second tier requires that the work being done is of an independent nature such that the contractor may employ non- exclusive means in accomplishing it. The third tier requires that the contract call for specific piecework as a unit to be done according to the independent contractor's own methods without being subject to the control and direction of the principal, except as to the result of the services to be rendered. In the instant case Boudreaux did not posses the requisite power of control over Ryes' actions to posses the employer/ employee relationship. To the contrary, Ryes could select which loads to deliver and which route to take without repercussion.

The fourth tier of the test requires a specific price for the overall undertaking. This element of the test is satisfied by the agreement that Boudreaux and Ryes split the money paid by Scout 75% - 25% respectively. **Finally the last tier of the test contemplates a specific time or duration of the agreement and consequences of termination.** There is no evidence in the record to suggest that the agreement between Boudreaux and Ryes has a specific duration. This alone, however, is not determinative of the status of Ryes. Therefore, this court concludes that because there is a valid contract and price for each undertaking, the work done was of an independent nature, and Ryes could choose which deliveries to undertake; Ryes was an independent contractor of Boudreaux and not an employee.

As to Ryes' relationship with Scout, the application of the five part test again demonstrates

that Ryes was and independent contractor and not an employee. Applying the first part of the test, it is evident that Mr. Ryes had a valid contract for services with Scout. Ryes completed a personnel packet with Scout which contained numerous documents which provide that Ryes was an independent contractor. Scout also reported to BCS Insurance Company that Ryes was an independent contractor and, therefore, entitled to benefits under the BCS policy.

Addressing the second and third elements, Ryes shows that the nature of his work was of an independent nature and that he was free to accomplish the mission by any method he chose. It is undisputed that Ryes was completely free to accept or deny loads and that he was free to choose any method or route he wanted in delivering any load he accepted. Thus, it is clear that Scout did not exercise the requisite level of control contemplated under the law.

The payment of wages is determined by whether an individual is paid an hourly wage according to time rather than by the project. Payment on an hourly rate indicates employee status. Conversely, payment by the project is indicative of independent contractor status. It is undisputed that Ryes was paid a percentage of what the truck earned on a particular job. Additionally, and as further evidence of the independent nature of Ryes' employment, Scout did not withhold taxes from these payments nor issue Ryes an annual W-2 tax form.

**FOR THE FOREGOING REASONS IT IS ORDERED, ADJUDGED AND DECREED** that Liney Ryes was an independent contractor and not an employee of Phillip Boudreaux or Scout Transportation Services, Inc. at the time of his injury.

**IT IS FURTHER ORDERED** that the state law negligence claims of Liney Ryes be severed from those made against BCS Insurance Company. The state law negligence claims of Liney Ryes against Phillip Boudreaux, Home State County

Mutual and Scout Transportation Services, Inc are remanded to the 16th Judicial District, St. Martin Parish, Louisiana. The outstanding claims between Liney Ryes and BCS Insurance Company shall remain before this court.

THUS DONE AND SIGNED in Lafayette, Louisiana, on the 20th day of May, 2008.

CHIEF JUDGE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA